FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 23 2014

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

ANDREW PEAVY, DORCINE PEAVY,
LARRY PEAVY, AND
JIMMY PEAVY

         Plaintiffs,
versus

TLD LOGISTICS SERVICES INC. and
TERRY TICHENOR

         Defendants.

Case No. 4:14 cv 316 SWW

COMPLAINT

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

## COMPLAINT

Come now Plaintiffs, Andrew Peavy, Dorcine Peavy, Larry Peavy, and Jimmy Peavy (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned counsel, and for their Complaint against Defendants, TLD Logistics Services Inc. and Terry Tichenor, Individually (together "Defendants"), state and allege as follows:

### I.
### Jurisdiction and Venue

1. This action is within the jurisdiction of this Court because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 43 U.S.C. §1332, *et. seq.*

2. This Court has personal jurisdiction over the Defendants pursuant to Arkansas' Long-Arm Statute, Ark. Code Ann. § 16-4-101.

3. Venue is proper in this district as a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in the Eastern District of Arkansas. 28 U.S.C. § 1391.

## II.
## Parties

4. Plaintiffs are residents of the state of Texas.

5. Separate Defendant, TLD Logistics Services, Inc., ("TLD Logistics") is a corporation domiciled in Knoxville, Tennessee and may be served through its registered agent, CT Corporation System, 800 S Gay St., Suite 2021, Knoxville, TN 37929-9710.

6. Separate Defendant, Terry Tichenor ("Tichenor"), is an individual residing in the state of Kentucky and, based upon information and belief, may be served with service of process at 102 E 17th Street, Owensboro, KY 42303.

## III.
## Nature of the Action

7. Based upon information and belief, Tichenor is employed by TLD Logistics as a truck driver.

8. At all times material hereto, Tichenor was acting within the course and scope of his employment with TLD Logistics.

9. On May 22, 2012, Plaintiffs were traveling westbound on Interstate 30 in Saline County, Arkansas.

10. On May 22, 2012, Tichenor was traveling on Interstate 30 in Saline County, Arkansas, operating a Kenworth tractor-trailer owned by TLD Logistics.

11. On May 22, 2012, Tichenor engaged in careless operation of the tractor-trailer, causing a sideswipe collision with Plaintiffs' 1997 Dodge truck. The collision forced Plaintiffs' vehicle into the median and caused the vehicle to flip before coming to rest.

12. Tichenor received a citation from the Arkansas State Police Department for careless or prohibited operation.

13. At the time of the accident, Tichenor was acting within the course and scope of his employment with TLD Logistics and, consequently, TDL Logistics is vicariously liable for the acts complained of herein, including the negligence, negligence per se, and gross negligence of Tichenor.

14. Defendants owed Plaintiffs a duty to act in a reasonably careful manner under the circumstances and breached their duties owed to Plaintiffs in several respects including, but not limited to, the following:

    (a). Failing to safely operate Defendant's tractor-trailer;

    (b). Failing to maintain Defendant's tractor-trailer in a single lane of travel;

    (c). Failing to keep a proper lookout;

    (d). Failing to confirm that the adjacent lane was clear prior to attempting a lane change;

    (e). Violating ARK. CODE ANN. §§ 27-51-104 and 27-51-302;

    (f). Failing to adequately train its drivers;

    (g). Failing to adequately supervise its drivers;

    (h). Entrusting its tractor-trailer to an incompetent, unqualified, and reckless driver; and

    (i). Other acts deemed negligence.

15. The aforementioned conduct of Defendants constitutes negligence, negligence per se, and gross negligence.

16. The negligence, negligence per se, and gross negligence of Defendants proximately caused the subject accident which injured Plaintiffs. Plaintiffs suffered severe

injuries to their bodies, including but not limited to, injuries to the neck, back, head, and other body parts.

17. As a direct and proximate result of Defendants' negligence, negligence per se, and gross negligence, Plaintiffs have experienced physical pain and suffering, mental anguish, physical impairment, disfigurement, and loss of enjoyment of life. In reasonable probability, Plaintiffs will experience future physical pain and suffering, mental anguish, physical impairment, disfigurement, and loss of enjoyment of life. Plaintiffs have incurred medical and pharmacy expenses and, in reasonable medical probability, will incur medical and pharmacy expenses in the future. Plaintiffs have suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiffs' vehicle also suffered damage as a result of Defendants' negligence, negligence per se, and gross negligence.

18. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

## IV.
## Jury Demand

19. Plaintiffs hereby respectfully demand a trial by jury.

## V.
## Prayer

WHEREFORE, for the reasons set forth herein, Plaintiffs request that Defendants be cited to appear and answer and that Plaintiffs have judgment against Defendants, jointly and severally, for the following:

    a. Actual damages;

    b. Exemplary damages as allowed by law;

c. Pre-judgment and post-judgment interest as allowed by law;

d. Costs of suit;

e. Attorneys' Fees; and

f. All other relief, in law and equity, to which Plaintiffs may be entitled.

Respectfully submitted,

GILL RAGON OWEN, P.A.
425 West Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
(501) 376-3800
finch@gill-law.com
potts@gill-law.com

By: /s/ Matthew B. Finch
Matthew B. Finch, ABA #2001025
Dylan H. Potts, ABA #2001258